IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| BALJIT KAUR KOCHHAR | * | CHAPTER 13 |
| Debtor | * | CASE NO. 20-12930 TJC |
| * * * * * * | * | * * * * |
| MILLER, LONG & ARNOLD CO. INC. | * | |
| Plaintiff | * | |
| v. | * | ADVERSARY NO. _____ |
| BALJIT KAUR KOCHHAR | * | |
| Defendant | * | |
| * * * * * * * | * | * * * * * * |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

The Plaintiff, Miller, Long & Arnold Co., Inc., by Howard S. Stevens, Meighan G. Burton and Pascale Stevens, LLC, its attorneys, makes this Complaint against the Defendant/Debtor, Baljit K. Kochhar (the "Defendant/Debtor") and states in support thereof:

**PARTIES, JURISDICTION AND VENUE**

1.      This adversary proceeding is being brought in connection with the Debtor's case under Chapter 13 of Title 11 of the United States Code, Case No. 20-12930 TJC now pending in this court.

2. This court has jurisdiction over this core, adversary proceeding pursuant to 11 U.S.C. § 523, 11 U.S.C. § 1328 and 28 U.S.C. § 157.

3. The Plaintiff, Miller, Long & Arnold Co. Inc. ("Plaintiff"), is corporation organized and existing under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland.

4. The Defendant/Debtor, Baljit Kochhar, resides at 7221 Titonka Way, Derwood, Montgomery County, Maryland.

5. The Defendant/Debtor is or was the President and Owner of American General Contractor, Inc. "AGC"), a Maryland corporation currently in defunct status.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a concrete contractor who was engaged as a subcontractor on a project to construct the "Interdisciplinary Life Science Building" at the University of Maryland Baltimore County (the "Project"), which Project is owned by the University System of Maryland.

7. In conjunction with Plaintiff's services on the Project, which required a certain minimum percentage of MBE contractor participation, Plaintiff entered into an oral contract with Defendant/Debtor through her company, AGC to provide concrete material for the Project.

8. On or about May 15, 2017, Plaintiff entered into a separate agreement, a Joint Check Agreement, with AGC and a concrete supplier, Vulcan Materials Company ("Vulcan"), as an inducement for Vulcan to supply the concrete material to the Project through AGC. Under the Joint Check Agreement, Plaintiff guaranteed all payments to Vulcan for materials delivered to the Project site.

9. In exchange for AGC's services and the materials provided by Vulcan, AGC was

to be paid a fee calculated as a percentage of the amount due to Vulcan, and Plaintiff would pay for the materials supplied by Vulcan by issuing a joint check payable to AGC and Vulcan as co-payees and would pay AGC's fee directly by a separate check made payable to AGC.

10. In accordance with the Parties' agreements, including the Joint Check Agreement and the oral contract, in March, 2018, Vulcan began to supply concrete to the Project.

11. On or about April 6, 2018, pursuant to the Joint Check Agreement, Plaintiff issued a joint check in the amount of $179,200.81 (the "First Check") payable jointly to AGC/Vulcan for the concrete delivered by Vulcan during the prior month. The First Check was made payable to "American General Contractors/Vulcan Materials Company."

12. Defendant/Debtor advised Plaintiff that she was out of town but that the person that would pick up the First Check was an authorized agent of AGC.

13. On or about April 6, 2018, the agent for AGC came to the Plaintiff's office to pick up the First Check, which AGC was to endorse for payment and then return to Plaintiff for delivery to Vulcan in order to pay Vulcan's current invoice.

14. On that same day, Defendant/Debtor endorsed the First Check on behalf of "American General Contractor Inc." and gave it to her daughter, Sonia Kochhar, who deposited the check into her [i.e. Sonia Kochhar's] personal account at Wells Fargo Bank.

15. Plaintiff was concerned when it learned that the First Check was deposited (but at that time did not know into which account it had been deposited) on the same date it was delivered because:

   (a) In a telephone call that day, Defendant/Debtor represented that she was out of town; and

   (b) The very act of depositing the First Check directly into the AGC account, as opposed to endorsing the First Check and then returning it to Plaintiff for delivery to Vulcan for

payment, was contrary to the Parties' aforementioned agreements, including the requirements of the Joint Check Agreement, which obligated both AGC and Vulcan to endorse the check for payment for the materials delivered to the Project.

16. Based upon Plaintiff's concerns as stated above, Plaintiff stopped payment on the First Check and funds were returned to Plaintiff's account.

17. Thereafter, Plaintiff's representative and Defendant/Debtor held discussions, and based upon those discussions, inducements, promises and representations made by Defendant/Debtor, Plaintiff and the Defendant/Debtor agreed on the following process:

   (a) Plaintiff agreed to issue a replacement check in the amount of $186,368.84 (the "Second Check") which included $179,200.81 (the "Vulcan Funds") plus $7,168.03 payable to AGC for its brokerage fee (the "AGC Fee");

   (b) The Second Check would be payable to "American General Contractor/Vulcan Materials Company", jointly; and

   (c) That in exchange for delivery of the Second Check, Defendant/Debtor would contemporaneously issue an AGC check payable to Vulcan in the amount of $179,200.81 (the "AGC Check"), which would be delivered by MLA to Vulcan for payment.

18. Based on Defendant/Debtor's representations and Plaintiff's agreement with the process outlined above, the same agent of AGC came to Plaintiff's offices and delivered the AGC Check issued to Vulcan in the amount of $179,200.81 and picked up the Second Check for subsequent delivery to AGC.

19. Thereafter, Plaintiff mailed the AGC Check to Vulcan.

20. As with the First Check, the Second Check was again made payable jointly to

"American General Contractor/ Vulcan Materials Company", but was nonetheless negotiated by Defendant/Debtor. The check was also first endorsed to Sonia Kochhar, but that endorsement was cross out, and the check was then deposited into the AGC bank account maintained at SunTrust Bank.

21. Eleven days later, Vulcan notified Plaintiff that AGC had placed a stop payment order on the AGC Check to Vulcan.

22. Once Plaintiff was notified that AGC did not pay Vulcan, Plaintiff attempted to stop payment on the replacement check, however the effort was unsuccessful and the funds were not returned to Plaintiff's account.

23. Plaintiff attempted to contact Defendant/Debtor to obtain a payment to Vulcan. In her efforts to continue to defraud Plaintiff, Defendant/Debtor issued a second payment to Vulcan in an incorrect amount, which payment was blocked by her bank. AGC never made a payment to Vulcan as agreed by the Parties.

24. Instead of paying Vulcan as AGC was obligated to do, Defendant/Debtor diverted and misdirected the funds included in the Second Check to her daughter, Sonia Kochhar, purportedly to repay indebtedness the Defendant/Debtor owed to Sonia.

25. Under the Joint Check Agreement, Plaintiff guaranteed payment to Vulcan for all materials provided for the Project, and as a result of the failure of Defendant/Debtor to remit the amount of $179,200.81 included in the Second Check for payment to Vulcan, Plaintiff was obligated to issue a duplicative payment directly to Vulcan for the materials supplied to the Project. Accordingly, Plaintiff has therefore paid $179,200.81 twice – once to AGC for payment to Vulcan, and then a second time to directly to Vulcan upon Defendant's intentional diversion and misuse of the funds.

26. Plaintiff later discovered that the day after Sonia Kochhar deposited the Second Check into the AGC account at SunTrust Bank, on April 18, 2018, Sonia Kochhar and Defendant/Debtor returned to SunTrust and Defendant/Debtor requested an Official Check in the amount of $180,000, drawn on the funds in the AGC account, which account contained at that time only the funds from the Second Check. Sonia Kochhar or Defendant/Debtor then deposited the $180,000 Official Check into Sonia Kochhar's personal account at Wells Fargo Bank. Since that time, Defendant/Debtor and Sonia Kochhar have used or hidden the proceeds from the Second Check.

27. Despite repeated demand and in direct violation of the parties' agreement and the Joint Check Agreement, Defendant/Debtor has refused to tender the Vulcan Funds to Vulcan and has failed and refused to return the Vulcan Funds to Plaintiff.

28. Based upon the allegations set forth herein, in June 2018 Plaintiff filed suit against Defendant/Debtor, AGC and Sonia Kochhar in the Circuit Court for Montgomery County, Maryland at Case No. 449530V, asserting causes of action for breach of contract against AGC, misrepresentation and fraud against AGC and Defendant/Debtor, violation of Maryland's Construction Trust Fund Statute (Real Property Article §§9-201 *et seq*. of the Maryland Code, conspiracy to commit fraud as to Sonia Kochhar and Defendant/Debtor, aiding and abetting as to Sonia Kochhar, and a cause of action to set aside the conveyance of $180,000 from Defendant/Debtor to Sonia Kochhar under the Fraudulent Conveyances Act, Maryland Code, Commercial Law §15-201, *et seq*.

29. Despite initiating the Circuit Court Case, MLA has received nothing from Sonia Kochhar or Defendant/Debtor. Since depositing the funds, Sonia Kochhar and Defendant/Debtor have used the funds for personal purposes and in or about January, 2019, Sonia Kochhar closed

13

her Wells Fargo accounts.

30. Plaintiff filed a motion for summary judgment as the breach of contract claim against AGC and Defendant/Debtor's violation of the Construction Trust Fund Statute (based on Defendant/Debtor's undisputed failure to pay Vulcan the funds from MLA which were intended for a supplier on a construction project). On November 4, 2019, the Circuit Court entered a judgment against Defendant/Debtor individually in the principal amount of $179,200.81, plus prejudgment interest of $16,673.04, and awarded post-judgment interest at the legal rate. A copy of the Judgment is attached hereto at Exhibit A.

31. Plaintiff has not received any payments towards the outstanding judgment.

32. The remaining claims against Defendant/Debtor are subject to the automatic stay as a result of the Debtor's filing of this Bankruptcy. The causes of action against Sonia Kochhar remain pending.

33. As a result of Defendant's actions, Plaintiff has and continues to suffer damages of not less than $179,200.81, plus $7,168.03 paid to AGC for its services which were never rendered.

## **COUNT I**

34. Plaintiff adopts and incorporates by reference herein the facts and matters set forth in paragraphs 1 through 32 above.

35. 11 U.S.C. § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt…

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

34. Defendant/Debtor obtained $186,368.84 from Plaintiff under false pretenses, through false representations and actual fraud, by promising that she would pay over the funds to Vulcan, convincing MLA to issue additional checks to AGC, knowing that she did not intend to pay Vulcan. Defendant/Debtor made further representations to MLA and to Vulcan to hide her deceit, including, by issuing checks to Vulcan when she knew there were insufficient funds in AGC's account to pay the checks, and by representing to MLA that she never got the funds from the Second Check.

35. The representations made to MLA were false, Defendant/Debtor knew they were false, and were made for the purpose of inducing MLA to issue additional checks and to induce MLA to try to work with her to help her recover the funds that she knew she had already stolen.

36. The Plaintiff not only relied upon the misrepresentations, but had a right to rely upon them in the full belief of their truth because MLA trusted Defendant/Debtor based on previous dealings with her and her company as a certified MBE subcontractor.

## COUNT II

37. Plaintiff adopts and incorporates by reference herein the facts and matters set forth in paragraphs 1 through 23 above.

38. 11 U.S.C. § 523(a)(4) provides, in relevant part, that:

(a) A discharge under § 727, 1141, 1228(a), 1228 (b) or 1328(b) of this Title does not discharge an individual debtor from any debt...

    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

39. Defendant's actions, as described herein above, constitute embezzlement or larceny.

WHEREFORE, the Plaintiff, Miller Long & Arnold Co., Inc., respectfully requests that

15

the Debtor's obligation to Plaintiff be determined to be nondischargeable and that the Court enter judgment in favor of Plaintiff against the Debtor for the amount of its debt; and that the Court order such other and further relief as the case may require.

                                        Respectfully submitted,

                                        */s/ Howard S. Stevens*
                                        Howard S. Stevens, USDC MD Bar No. 25587
                                        */s/Meighan G. Burton*
                                        Meighan G. Burton, USDC MD Bar No. 28022
                                        PASCALE STEVENS, LLC
                                        2700 Lighthouse Point East Suite 500
                                        Baltimore, MD 21224
                                        HStevens@pascalestevens.com
                                        MBurton@pascalestevens.com
                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 15th day of June 2020 I served a copy of the foregoing Complaint Objecting to Dischargeability of Debt and Proposed Order in the manner described below:

Via CM/ECF electronic filing and service to: Rebecca A. Herr, Chapter 13 Trustee (ect2ch13md.com), and to the U.S. Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)

And via first class mail, postage pre-paid to:

Baljit Kochhar
7221 Titonka Way
Derwood, MD  20855
*Debtor*

                                        */s/Meighan G. Burton*
                                        Meighan G. Burton, USDC MD Bar No. 28022